IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
MINETTA BROOKS,                      )
                                     )
                Plaintiff,           )    CIVIL ACTION
                                     )
v.                                   )    No.  05-1110-MLB
                                     )
CITY OF WICHITA, KANSAS              )
AND ITS REPRESENTATIVES,             )
                                     )
                Defendant.           )
                                     )
```

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss plaintiff's second cause of action for failure to state a claim. (Doc. 5.) The motion has been briefed and is ripe for decision. (Docs. 6, 9.) Defendant's motion is DENIED for reasons set forth herein.

**I.  MOTION TO DISMISS STANDARDS: FRCP 12(B)(6)**

The standards this court must utilize upon a motion to dismiss are well known. This court will dismiss a cause of action for failure to state a claim only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive. See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp. 2d 1124, 1129 (D. Kan. 2000). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp. 2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d

1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D.N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)).  In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  See Robinson, 117 F. Supp. 2d at 1129.

**II. ANALYSIS**

Defendant argues that plaintiff has failed to properly plead her second cause of action as required by Federal Rule of Civil Procedure 8(a).  (Doc. 6 at 2.)  In her complaint, plaintiff describes her second cause of action as one for relief under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213.  (Doc. 1 at 8.)  In response to the allegations in the complaint, defendant argues that the elements of an ADA claim are "1) plaintiff is disabled as defined by the ADA; 2) she is qualified to do the job, i.e., she is able to perform the essential functions of the job with or without reasonable accommodations; and 3) she was terminated due to her disability." (Doc. 6 at 1.)  Defendant argues that dismissal is warranted because plaintiff neither alleged that she was qualified for her job, nor that she was terminated because of an ADA-protected disability.  Id. at 2.

In setting forth the elements of an ADA violation, defendant implicitly characterizes this claim as one for wrongful termination under the act.  See Bartee v. Michelin N. Am., Inc., 374 F.3d 906, 912 n.4 (10th Cir. 2004).  By contrast, the ADA also provides the

basis for a claim of failure to accommodate.  See generally Smith v. Midland Brake, Inc., 180 F.3d 1154 (10th Cir. 1999) (en banc). The elements of a prima facie case of failure to accommodate under the ADA are "(1) [plaintiff] is disabled within the meaning of the ADA; (2) [s]he can perform, either with or without reasonable accommodation, the essential functions of the desired job;" and 3) "an employer [did not] take reasonable steps to reassign a qualified individual to a vacant position or a position the employer reasonably anticipates will become vacant in the fairly immediate future."  Bartee, 374 F.3d at 912 n.4 (quoting Albert v. Smith's Food & Drug Ctrs., Inc., 356 F.3d 1242, 1252 (10th Cir. 2004).

Turning to the complaint, plaintiff asserts that she had "an actual disability protected under the ADA."  (Doc. 1 at 8 ¶ 26.) Considering the liberal construction due a complaint under Rule 8, Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002), this statement satisfies the first element under either theory of recovery, albeit barely.  In the next paragraph, she states, "The Wichita Police Department failed to accommodate Ms. Brooks even though positions existed where she could work."  (Doc. 1 at 8 ¶ 27.)  This allegation, liberally construed, suggests that there were other positions for which she was qualified that she could fulfill with reasonable accommodations, and that defendant failed to take reasonable steps to place her in one of those positions. Hence, it satisfies both the second and third elements of a failure to accommodate claim.

Considering next a potential wrongful termination claim, the

-3-

complaint satisfied the first element, as previously stated. Next, her complaint alleges that, after an accident in which she became disabled, her physician released her to light duty. (Doc. 1 at 7 ¶ 20.) This statement suggests that her physician, knowing that she was a police officer, nonetheless concluded that she was capable of returning to her job, albeit on what he characterized as "light duty." Plaintiff goes on to say that, despite this release, defendant failed to provide her with reasonable accommodations. Id. Read collectively, these allegations satisfy the second element of a wrongful termination claim, that she could perform the essential functions of her job as a police officer with reasonable accommodations. Finally, plaintiff states that defendant discriminated against her on the basis of her disability. Id. at 3 ¶ 6.) This statement, read in conjunction with the other allegations that she was disabled and that defendant failed to provide reasonable accommodations for her disability, is sufficient to satisfy the third element of a wrongful termination claim, that she was fired because of her disability.

A more carefully drawn pleading would have alleviated the need for this motion. The complaint contains a number of paragraphs which allege, in unnecessary detail for purposes of Rule 8, plaintiff's virtues as a police officer and how she was mistreated. Yet when it comes to allegations pertaining to violations of law, the complaint can be viewed as sufficient only by stretching the notice pleading rule almost to the breaking point. Nevertheless, the complaint is sufficient to put defendant on notice that plaintiff was alleging the essential elements of at least one,

possibly two, theories under the ADA. Defendant's motion is accordingly DENIED.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this 9th day of August 2005, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE