**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

MINETTA BROOKS,                         )
                                        )
                    Plaintiff,          )        **CIVIL ACTION**
                                        )
v.                                      )        No.  05-1110-MLB
                                        )
CITY OF WICHITA, KANSAS                 )
AND ITS REPRESENTATIVES,                )
                                        )
                    Defendant.          )
_____)

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for summary judgment.  (Doc. 38).  The motion is fully briefed and ripe for decision. (Docs. 39, 41, 42).  Defendant's motion is granted, for reasons herein.

**I.   SUMMARY JUDGMENT STANDARDS**

The usual and primary purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "shows] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citations omitted); see also Adams v. American Guar. & Liab. Ins. Co., 233 F.3d

1242, 1246 (10th Cir. 2000) (citing Adler).  The mere existence of
some factual dispute will not defeat an otherwise properly supported
motion for summary judgment because the factual dispute must be
material.  See Renfro v. City of Emporia, 948 F.2d 1529, 1533 (10th
Cir. 1991).  In determining whether genuine issues of material fact
exist, the court "constru[es] all facts and reasonable inferences in
a light most favorable to the nonmoving party."  Pub. Serv. Co. of
Colo. v. Cont'l Cas. Co., 26 F.3d 1508, 1513-14 (10th Cir. 1994).

    Defendant initially must show both an absence of a genuine issue
of material fact and entitlement to judgment as a matter of law.  See
Adler, 144 F.3d at 670.  Because plaintiff bears the burden of proof
at trial, defendant need not "support [its] motion with affidavits or
other similar materials negating [plaintiff's]" claims or defenses.
Celotex, 477 U.S. at 323 (emphasis in original).  Rather, defendant
can satisfy its obligation simply by pointing out the absence of
evidence on an essential element of plaintiff's claim.  See Adler, 144
F.3d at 671 (citing Celotex, 477 U.S. at 325).

    If defendant properly supports its motion, the burden then shifts
to plaintiff, who may not rest upon the mere allegation or denials of
its pleading, but must set forth specific facts showing that there is
a genuine issue for trial.  See Mitchell v. City of Moore, 218 F.3d
1190, 1197-98 (10th Cir. 2000).  In setting forward these specific
facts, plaintiff must identify the facts "by reference to affidavits,
deposition transcripts, or specific exhibits incorporated therein."
Adler, 144 F.3d at 671.  If the evidence offered in opposition to
summary judgment is merely colorable or is not significantly
probative, summary judgment may be granted.  See Cone v. Longmont

-2-

United Hosp. Ass'n, 14 F.3d 526, 533 (10th Cir. 1994).  Plaintiff "cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial."  Conaway v. Smith, 853 F.2d 789, 793 (10th Cir. 1988).  Put simply, plaintiff must "do more than simply show there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Certain local rules further govern the presentation of facts and evidence.  Local Rule 56.1 requires the movant to set forth a concise statement of material facts.  D. Kan. Rule 56.1.  Each fact must appear in a separately numbered paragraph and each paragraph must refer with particularity to the portion of the record upon which the defendant relies.  See id.  The opposing memorandum must contain a similar statement of facts.  Plaintiff must number each fact in dispute, refer with particularity to those portions of the record upon which he relies and, if applicable, state the number of the defendants' fact that he disputes.  The court may, but is not obligated to, search for and consider evidence in the record that would rebut the defendant's evidence, but that plaintiff has failed to cite.  See Mitchell, 218 F.3d at 1199; Adler, 144 F.3d at 672.  All material facts set forth in the statement of defendant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of plaintiff.  See id.; Gullickson v. Southwest Airlines Pilots' Ass'n, 87 F.3d 1176, 1183 (10th Cir. 1996) (applying local rules of District of Utah).  A standing order of this court also precludes drawing inferences or making arguments within the

-3-

statement of facts.

The parties need not present evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible.  See Thomas v. Int'l Bus. Machs., 48 F.3d 478, 485 (10th Cir. 1995) (internal quotations and citations omitted).  For example, hearsay testimony that would be inadmissible at trial may not be included.  See Adams, 233 F.3d at 1246.  Similarly, the court will disregard conclusory statements and statements not based on personal knowledge. See Cole v. Ruidoso Mun. Schs., 43 F.3d 1373, 1382 (10th Cir. 1994) (regarding conclusory statements); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995) (requiring personal knowledge).  Finally, the court may disregard facts supported only by references to documents unless the parties have stipulated to the admissibility of the documents or the documents have been authenticated by and attached to an affidavit meeting the requirements of Rule 56(e).  See Fed. R. Civ. P. 56(e); D. Kan. Rule 56.1; 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2722 (2d ed. 1983) (footnotes omitted).

In the end, when confronted with a fully briefed motion for summary judgment, the court must determine "whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  If sufficient evidence exists on which a trier of fact could reasonably find for the plaintiff, summary judgment is inappropriate. See Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

-4-

## II.   FACTS[1]

Plaintiff, an African American female, began as a recruit in the police academy in July 1998.  After her training, plaintiff was a full member of defendant's Wichita Police Department (department).   On March 29, 2002, plaintiff was injured while working as a police officer.   After her injury, plaintiff was unable to run after suspects, subdue a violent person, discharge a firearm, drag a 160-pound person or operate an automobile for police work, all things required of a Wichita Police Officer.  (Docs. 39 at 1-2, 5-6; 41 at 2-4).

Defendant placed plaintiff on light duty while plaintiff was attempting to recover from her injury.  The work plaintiff performed was not a regular position within the department.  Plaintiff performed various duties, e.g., answering the telephone, taking reports, giving directions, patting down detainees, performing background checks and doing clerical work.  During this time, plaintiff was earning the same salary as a police officer.  At some point, Dr. Mills placed plaintiff under permanent restrictions which would not allow plaintiff to safely perform the job of a police officer.   Plaintiff's restrictions included the following: no repetitious squatting; no stair climbing; avoid running; avoid kneeling; and to lift with good body mechanics. Drs. Brown and Murati concluded that plaintiff was permanently disabled from being a police officer.   Plaintiff's physicians never released her from the restrictions.  (Docs. 39 at 6-7; 41 at 4-5).

---

[1] In her response, plaintiff failed to put forth any specific facts as required by D. Kan. Rule 56.1.  See also Mitchell, 218 F.3d at 1197-98.

Once the department determined that plaintiff could not return to work as a police officer, it referred her to the Work Restriction Committee (committee) in order to determine if another position was available that plaintiff could perform. All city employees who cannot return to their original positions go before the committee. On May 5, 2004, plaintiff met with the committee. Plaintiff discussed her skills and restrictions. Plaintiff also informed the committee that she was not interested in a position which paid less than her current salary of approximately $37,000. All positions that were open or expected to be open were reviewed and plaintiff did not have the skills necessary to perform any position that had a salary which was acceptable to plaintiff. Plaintiff acknowledged that the position she had been performing was not a permanent position within the department. The position plaintiff was performing was a rotation position which an officer performs for a short-term assignment and then returns to the field. Plaintiff requested that her position be made permanent and defendant denied the request. On August 25, 2004, plaintiff applied for disability retirement. (Docs. 39 at 8-9; 41 at 5-6).

## III. ANALYSIS[2]

### A.   Section 1981 Claim

Plaintiff has alleged that defendant violated plaintiff's civil rights by interfering with her ability to contract employment with the department. Defendant responds that plaintiff's claim must fail as

---

[2] While the memoranda reference a Title VII claim, plaintiff has subsequently withdrawn that claim. See Amended Pretrial Order, Doc. 44.

a matter of law since it is a municipality and no independent section 1981 claim can be brought against it without also stating a claim under section 1983.  The Tenth Circuit has yet to address this issue. See Burns v. Board of County Com'rs of Jackson County, 330 F.3d 1275, 1288 n. 10 (10th Cir. 2003)("Because Burns has failed to show that his constitutional rights were violated, he has no claim under either § 1981 or § 1983, and thus it is immaterial whether a direct cause of action lies under the former.")  While the court may conclude that defendant's position is correct, see, e.g. Dockery v. Unified School Dist. No. 231, 382 F. Supp.2d 1234, 1241 (D. Kan. 2005)(citing cases), the court does not need to address the issue since plaintiff has failed to show that her rights have been violated under section 1981.

In order to state a claim for discrimination under section 1981, plaintiff must establish: (1) that she is a member of a protected class; (2) that defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981.  Hampton v. Dillard Dept. Stores, Inc., 247 F.3d 1091, 1101-02 (10th Cir. 2001).  The record is absolutely bare of any evidence that the department intended to discriminate against plaintiff on the basis of her race.  Moreover, plaintiff has also failed to present any evidence of the proposed employment contract that the department prevented her from entering into.  While certain portions of plaintiff's deposition reference a contract with the fraternal order of police (without any documented evidence of such contract), there is absolutely no evidence that individual officers enter into employment contracts with the department.  Plaintiff "must initially identify an impaired 'contractual relationship'. . . under

-7-

which the plaintiff has rights." Domino's Pizza, Inc. v. McDonald, --- U.S. ---, 126 S. Ct. 1246, 1250, 163 L. Ed.2d 1069 (2006). Plaintiff has failed to do so.

Therefore, defendant's motion for summary judgment on plaintiff's section 1981 claim is granted.

**B.   ADA Claim**

Plaintiff has also asserted that the department discriminated against her in violation of the ADA by failing to reasonably accommodate her disability.  In order to establish a cause of action under the ADA, "a plaintiff must prove by a preponderance of the evidence that (1) she has a disability; (2) she is qualified for the position; and (3) her employer discriminated against her because of her disability." Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1250 (10th Cir. 2005).  A qualified individual with a disability is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8).

Plaintiff contends that the department should have accommodated her by allowing her to remain in the "temporary" light-duty position she was performing after her injury.  (Doc. 41 at 14).  Defendant responds that this request was not a reasonable accommodation since that position was not a permanent position.  The Tenth Circuit has held that an employer has no duty under the ADA to create a permanent light duty position when the position had previously been a temporary accommodation.  Martin v. Kansas, 190 F.3d 1120, 1133 (10th Cir. 1999)("the only accommodation we can glean from the facts on this record would be for LCF to agree to permit Martin to remain on tower duty permanently. However, such an accommodation, even if it had been

-8-

explicitly proposed, is not reasonable because it is tantamount to asking LCF to provide a permanent light duty post. No such permanent assignments exist at LCF, and the ADA does not require an employer to create a new position or even modify an essential function of an existing position in order to accommodate a disabled worker.") Plaintiff readily admits that her position she was performing was temporary and not a permanent position in the department. Accordingly, the ADA does not require the department to create the position into a permanent one.

Plaintiff also asserts that the department has a duty to offer available positions to plaintiff and that it failed to do so. In order to establish that the department failed to accommodate plaintiff by offering reassignment to a vacant position, plaintiff must show that: "(1) [she] is a disabled person within the meaning of the ADA; (2) the preferred option of accommodation within the employee's existing job cannot be reasonably accomplished; (3) the employee requested accommodation by reassignment, which the employee may identify or which the employee may request the employer to identify through an interactive process; (4) the employee was qualified to perform the vacant job; and (5) the employee suffered injury." Taylor v. Pepsi-Cola Co., 196 F.3d 1106, 1110 (10th Cir. 1999). Plaintiff has failed to establish the third and fourth elements. Plaintiff does not submit any evidence of a position that she requested to be transferred to. On the contrary, the evidence shows that plaintiff refused all positions that she was qualified for on the basis of her salary expectations.

Accordingly, plaintiff has not satisfied her burden in

-9-

establishing that she was a qualified individual under the ADA. Defendant's motion for summary judgment on plaintiff's ADA claim is granted.

## IV.  CONCLUSION[3]

Defendant's motion for summary judgment (Doc. 38) is granted. Costs are taxed to plaintiff. The clerk shall enter judgment pursuant to Fed. R. Civ. P. 58.

A motion for reconsideration of this order is not encouraged.

_____

[3] Plaintiff's motion for voluntary dismissal is also before the court. (Doc. 31). When considering a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2), "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993). The factors to consider include "the [opposing party's] effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the [movant] in prosecuting the action, [and] insufficient explanation for the need to take a dismissal." Id. At the time the motion was filed, discovery was closed, the pretrial order drafted and defendant had prepared a motion for summary judgment. Plaintiff's explanation for dismissal was that she desired to become a member of a class action lawsuit that was filed by female police officers. (Doc. 31 at 7.) This court, however, had already denied the plaintiffs' motion to certify a class in the action in which plaintiff is referring. Semsroth v. City of Wichita, Case No. 04-1245, Doc. 87. Plaintiff also asserted that she could possibly be a named plaintiff in another class action.

These explanations are not sufficient; on the contrary, they are patently frivolous. The remaining claims in this case are different than those in the Semsroth case, a fact about which plaintiff's counsel should be well aware because his firm is also counsel of record in Semsroth. Plaintiff's claim of "potential" but unfiled class actions is legally meaningless. It is not clear, but perhaps plaintiff somehow saw this case as a potential class action. Had plaintiff desired to state a class action claim against defendant, she had the ability to do so when filing the complaint. Plaintiff has offered no explanation as to why she was unable to file those claims in the original complaint. Since plaintiff has failed to proffer a sufficient explanation to the court and defendant has expended effort and expense in preparing this case for the summary judgment motion and trial, the court finds that granting plaintiff's motion would be prejudicial to defendant.

Plaintiff's motion for voluntary dismissal (Doc. 31) is therefore denied.

The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __16th__ day of June 2006, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-11-